## 12116.  SCOTT *v.* STATE MUTUAL LIFE INSURANCE COMPANY.

There was not such evidence of a common-law marriage of the plaintiff to the decedent as would show that she was entitled to sue as his wife for his homicide, under the Civil Code, § 4424.
DECIDED MAY 14, 1921.

Action for damages; from city court of Floyd county — Judge Nunnally. December 9, 1920.

*Harris & Harris,* for plaintiff.

*Maddox & Doyal,* for defendant.

HILL, J. The plaintiff's petition alleged that she and the deceased, for whose homicide the action was brought, were husband and wife at the time of his death. She testified that she and the deceased "just took up together;" that no marriage ceremony was ever performed; that she "guessed" that he had another

wife at the time she and the deceased began living together; that she knew he had a son by another woman, and that she did not know the mother of that son or what became of her. This was not sufficient to prove affirmatively that there was a valid contract constituting a common-law marriage, and this would be necessary before the relation could legally exist. No other evidence appears in regard to the marriage relation of the deceased. The provisions of the Civil Code (1910), § 4424, giving a right of action for a homicide, are purely statutory, are in derogation of the common law, and are to be strictly construed. We are of the opinion that the trial court did not err in granting a nonsuit.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*